UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
KIRKPATRICK DUNBAR,

                             Plaintiff,                           **COMPLAINT**

              -against-                                *Civil Action No.*

                                                1:22-cv-10255

NEXUS BDS, INC. d/b/a SUBWAY
AND SOL GOLDMAN
INVESTMENTS, LLC.,
                              Defendants.
--------------------------------------X

       Plaintiff, KIRKPATRICK DUNBAR, ("Plaintiff"), by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues NEXUS BDS, INC. d/b/a SUBWAY, domestic limited liability company, and SOL GOLDMAN INVESTMENTS, LLC., domestic limited liability company, (hereinafter collectively "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

3. The violative Premises and the events giving rise to this lawsuit is located at 692 Lexington Avenue, New York, New York 10022 (hereinafter "Premises").

4.   Venue is proper in this Court as the premises is located in the State of New York, County of New York.

5. The Defendants NEXUS BDS, INC. d/b/a SUBWAY and SOL GOLDMAN INVESTMENTS, LLC. are each authorized to conduct and are conducting business within the State of New York.

6. Upon information and belief, NEXUS BDS, INC. d/b/a SUBWAY is the lessee and/or operator of the real property, and the owner of the improvements where the Premises is located which is the subject of this action. Defendant also maintains and controls the Premises.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Premises is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8.   Upon information and belief, SOL GOLDMAN INVESTMENTS, LLC. is the owner, lessor and/or operator and managing agent of the real property where the Premises is located, which is the subject of this action, which also maintains and controls the Premises.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Premises which is the subject to this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10.     The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

11.     At the time of Plaintiff's visit to the Premises, and prior to the instant action, Plaintiff was, and still is a resident of the City and State of New York. Plaintiff is paraplegic which constitutes a "qualified disability" under the ADA of 1990. Plaintiff uses a wheelchair for mobility.

12.     On November 22, 2022, Plaintiff last attempted to enter Defendant's Premises which is a few miles from his home to purchase an affordable subway sandwich for lunch. However, because of the architectural barriers at the entrances of the store, such as steps at the main and only entrance, and being ignored after knocking on the window for assistance – someone had to go in an order/get the food for him,  since there was no other means of communication at the store, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is subject to this instant litigation. Furthermore, Plaintiff was unable to eat inside the Premises due to the inaccessible tables and counters.

13.     Plaintiff is routinely in the neighborhood as he passes the area for physical appointments, and meetings in the area, and meeting with friends by the accessible train stations in the area to hang out. Plaintiff has attempted to enter Defendants' Premises on July 12, 2022 and on at least 2 occasions thereafter before November 22, 2022, and continues to be denied access each time, and therefore suffered an injury in fact. Plaintiff is currently deterred from going to the restaurant based on his knowledge of the barriers to access that exist and intends on immediately returning to the to the Premises for dining purposes once the barriers are removed and the Premises is ADA compliant.

14.     It should be noted that the Subway store has a sign that says "service animals welcome; need personal assistance, just ask and we will help" but there is no bell or indication of any policy of a ramp being bought out, or that a ramp is even available. Further, Defendant, SOL GOLDMAN INVESTMENTS, LLC has been previously sued for ADA Violations in relation to the same Premises, under *Stacey Mercer v. Sol Goldman Investments, LLC., Index No.: 1:18-cv-03204-JPO* in the Southern District of New York. However, no remediations have taken place at the Premises, although some of the neighboring stores have taken some form of remedial measures.

15.     Defendants' violations impede upon Plaintiff's, and other similarly situated disabled individuals' right to travel free of discrimination.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

16.     The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

17.     The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

18.     The Plaintiff is informed and believes, and therefore alleges that the Premises has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

19.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at Defendants' Premises, in violation of these Accessibility Standards.

20.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Premises.

21.     Plaintiff visited Defendants' Premises with the intention of utilizing Defendants' facilities, but was denied access to the Premises, and therefore suffered an injury in fact. In addition, Plaintiff continues to reside in New York and continues to desire to visit the Premises in the future, but will suffer future harm in that she is unable to access the Premises and continues to be discriminated against due to the architectural barriers which remain at the Premises, all in violation of the ADA, and New York State and City Human Rights Law.

22.     Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the American with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

23.     The Defendants' Premises is in violation of 42 U.S.C. §12181 et. Seq., ADA and the 2010 Standards, and is discriminating against the Plaintiff as a result of inter alia the following specific violations:

        a.     In front of Subway, due to two stairs that create a 5-6 inch vertical rise leading to the accessible entrance, the maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access this unit of the Property since it is often necessary for individuals in wheelchairs to need to use their hands to both wheel through the doorway and keep the door open with another hand. When the maneuvering clearance is not level, this ordinarily difficult process is made even more difficult by the presence of an excessive vertical rise.

b.      The door to the accessible entrance of Subway lacks a clear minimum maneuvering clearance due to the fact the end of the latch side of the accessible entrance door being within 18 inches to the adjacent glass window in violation of section 404.2.4 of the 2010 ADAAG standards. This barrier to access would cause Plaintiff difficulty in utilizing the door to gain access to this unit because individuals in a wheelchair have their feet and legs sticking out in front of them thus requiring additional space to reach the door hardware and open the door.   The current configuration of the accessible entrance of this unit blocks Plaintiff's ability to reach the door hardware and open the door.

c.      The soda machines and amenities therewith are inaccessible in height and not compliant with the applicable ADAAD 2010 standards.

d.      There is not at least one accessible entrance to the Subway space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

e.      As not all entrances comply with section 404 of the 2010 ADAAG Standards, entrances that do comply with section 404 of the 2010 ADAAG Standards are required to have signage identified by the International Symbol of Accessibility indicating an accessible entrance, however, no such signage exists on the Property in violation of section 216.6 of the 2010 ADAAG Standards. Moreover, there is a lack of directional signage indicating the location of the nearest accessible entrance.  This barrier to access would make it difficult for Plaintiff to locate an accessible entrance on the Property.

f.      Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

24.     Upon information and belief, there are other current violations of, inter alia, the ADA at Defendants' Premises, and only once a full inspection is done can all said violations be identified.

25.     To date, the architectural barriers and other violations of the ADA still exist, the removal of which is readily achievable and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA or to create access to the Premises.

26.     Pursuant to ADA, 42 U.S.C. §1201 et. Seq. and the Accessibility Standards, the Defendants were required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

27.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and order the closing of the Subject Facilities until the requisite modifications are completed.


**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "27" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

29.     The New York City Human Rights Law provides:

a.  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

NYC Admin. Code §8-107(4)(a).

30.   Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

31.   The Defendants' unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Admin. Code §8-502.

## COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

32.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "31" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

33.   The New York State Human Rights Law provides:

a.  It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of

any place of public accommodation…because of the…disability…of any

person, directly, or indirectly, to refuse, withhold from or deny to such

person any of the accommodations, advantages, facilities, or privileges

thereof…to the effect that any of the accommodations, advantages,

facilities and privileges of any such place shall be refused, withheld from

or denied to any person on account of…disability…

NYS Exec. Law §296 (2)(a).

34.     Defendants' Premises is a place of public accommodation as defined in the New

York State Human Right Law.

35.     Defendants have further violated the New York State Human Rights Law by being

in violation of the rights provided under the ADA.

36.     Defendants are in violation of the New York State Human Rights law by denying

the Plaintiff full and safe access to all of the benefits, accommodations and services of the

Premises.


**PRAYER FOR RELIEF**

37.     The Plaintiff demands compensatory damages in an amount to be determined by

proof, including all applicable statutory damages and fines, for violations of their civil rights

under New York State Human Rights Law and City Claw, including compensatory damages

contemplated by §297(4)(c).

38.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the

Plaintiff's injunctive relief; including an order to alter the Premises to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the

New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

39.     Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

a.   The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

b.   The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

c.   The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Premises;

d.   The Court award compensatory damages, including all applicable statutory damages and fines, to Plaintiff;

e.   The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

      f.   The Court award such other and further relief as this Court deems

necessary, just and proper.

Dated: New York, New York
         December 2, 2022

                      THE MARKS LAW FIRM, PC

                  By: _____
                    Bradly G. Marks
                    155 E 55th Street, Suite 4H
                    New York, NY 10022
                    T:(646) 770-3775
                    F: (646) 770- 2639
                    brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRKPATRICK DUNBAR,

                                        Plaintiff,

            -against-

NEXUS BDS, INC. d/b/a SUBWAY AND SOL GOLDMAN INVESTMENTS, LLC.,



                                        Defendants,


## SUMMONS AND COMPLAINT


THE MARKS LAW FIRM, PC
Attorney for Plaintiff
155 E 55th Street, Suite 6A
New York, NY 10022