UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Case No: 22-CV-10255

KIRKPATRICK DUNBAR,

                    Plaintiff,                      **<u>ANSWER</u>**

        -against-


NEXUS BDS, INC. d/b/a SUBWAY
AND SOL GOLDMAN
INVESTMENTS, LLC.,
                    Defendants.
_____

        Defendant NEXUS BDS, INC., d/b/a SUBWAY, ("NEXUS" or "Defendant"), by and through its counsel, EMRE POLAT, PLLC, as for its Answer to Plaintiff's Complaint denies each allegation contained in the Complaint except as admitted or otherwise qualified herein, and alleged on knowledge with respect to itself and its own acts and on information and belief as to all other matters that it:

<u>JURISDICTION AND PARTIES</u>

    1. Paragraph 1 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant avers that Plaintiff seeks the jurisdiction of this Court.

    2. Paragraph 2 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant avers that Plaintiff seeks the venue of this Court.

    3. Defendant admits only that the premises is located at 692 Lexington Avenue and deny the remaining allegations of Paragraph 3.

4. Paragraph 4 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant avers that Plaintiff seeks the venue of this Court.

5. Defendant admits that it is authorized to conduct business in the New York State and denies knowledge or information as to the remaining allegations in Paragraph 5 of the Complaint.

6. Deny the allegations of Paragraph 6 of the Complaint with the exception that Defendants is a lessee.

7. Paragraph 7 of the Complaint asserts legal conclusions to which no answer is required.

8. Defendant denies knowledge or information with regard to the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint asserts legal conclusions to which no answer is required.

10. Deny knowledge or information as to the allegations in Paragraph 10 of the Complaint.

11. Deny knowledge or information as to the allegations in Paragraph 11 of the Complaint.

12. Deny the allegations in Paragraph 12 of the Complaint.

13. Deny the allegations in Paragraph 13 of the Complaint.

14. Deny the allegations in Paragraph 14 of the Complaint.

15. Deny the allegations in Paragraph 15 of the Complaint.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

16. Paragraph 16 of the Complaint asserts legal conclusions to which no answer is required.

17. Paragraph 17 of the Complaint asserts legal conclusions to which no answer is required.

18. Deny knowledge or information as to the allegations in Paragraph 18 of the Complaint.

19.     Deny the allegations in Paragraph 19 of the Complaint.

20.     Deny the allegations in Paragraph 20 of the Complaint.

21.     Deny the allegations in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint asserts legal conclusions to which no answer is required.

23.     Paragraph 23 of the Complaint asserts legal conclusions to which no answer is required. To the extent an Answer is required, Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Deny the allegations in Paragraph 24 of the Complaint.

25.     Deny the allegations in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint asserts legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint asserts legal conclusions to which no answer is required.

## COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

28.     Defendant repeats and reiterates its Answers to the allegations in paragraphs 1 – 28.

29.     Paragraph 29 of the Complaint asserts legal conclusions to which no answer is required.

30.     Deny the allegations in Paragraph 30 of the Complaint.

31.     Deny the allegations in Paragraph 31 of the Complaint.

## COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

32.     Defendant repeats and reiterates its Answers to the allegations in paragraphs 1 – 31.

33.     Paragraph 33 of the Complaint asserts legal conclusions to which no answer is required.

34.     Paragraph 34 of the Complaint asserts legal conclusions to which no answer is required.

35.     Deny the allegations in Paragraph 35 of the Complaint.

36.     Deny the allegations in Paragraph 36 of the Complaint.

## **PRAYER FOR RELIEF**

37.     Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint asserts legal conclusions to which no answer is required.

39.     Defendant denies Plaintiff is entitled to any of the relief sought in Paragraph 39 of the Complaint and the WHEREFORE labeled a-f.

## **ADDITIONAL AVERMENTS**

40.     Defendant denies all claims and averments in the Complaint not unequivocally admitted herein.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

41.     The alleged barriers to accessing the Premises are not required to be removed or structural work is not required to be performed because the removal of such barriers are not readily achievable, easily accessible, and are able to be carried out without much difficulty or expenses within the meaning of Title III of the American with Disabilities Act.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

42.     Plaintiff's claims are barred in whole or in part for lack of standing and the capacity to sue.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

43.     Plaintiff's claims are barred in whole or in part by unclean hands as upon information and belief, Plaintiff has not visited the premises on the date complained of herein nor

has Plaintiff made an attempt to access the premises on the date complained of herein.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44.      The Complaint fails to state a viable cause of action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45.      Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46.      Plaintiff has failed to mitigate his damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47.      The property is not a "place of public accommodation" as stated in Title III of the Americans with Disabilities Act.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48.      The modifications demanded of Plaintiff would fundamentally alter the nature of the premises or the accommodations are not readily achievable.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49.      Plaintiff has not articulated a plausible proposal for a barrier removal, the cost of which, facially, does not exceed it's benefits.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50.      The requested modifications would impose an undue burden on the Defendant.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

51.      The removal of the alleges barriers would alter the nature of the Defendant's public accommodation.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

52.      Defendant already provides access through readily achievable alternative methods.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

53.      Any alterations proposed by Plaintiff would be structurally impracticable pursuant

to 28 CFR 36.402.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

54.     Plaintiff's proposed alterations are disproportionate to the overall alterations in terms of scope and cost pursuant to 42 U.S.C 12183(a)(2).

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

55.     Any alterations would be infeasible pursuant to ADAAG 4.16(1)(j).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

56.     Defendant has satisfied the maximum extent feasible standard.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

57.     Defendant is not a responsible party.

WHEREFORE, Defendant respectfully request a judgement,

1.  Dismissing the Complaint in its entirety, with prejudice;

2.  Denying each and every demand, claim and prayer for relief contained in Plaintiff's Complaint; and

3.  For such other and further relief as this Court deems just and proper.

New York, New York
March 20, 2023

Respectfully submitted,

*/s/ Emre Polat*

_____

Emre Polat, Esq.
EMRE POLAT, PLLC
45 Broadway, Suite 1420
NY, NY 10006
212-480-4500
*Counsel for Defendant*
*NEXUS BDS INC. d/b/a*
*Subway*